**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SPRING MOUNTAIN SUMMIT** | : | |
| **CONDOMINIUM ASSOCIATION, INC.,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **CIVIL ACTION NO. 23-CV-3667** |
| | : | |
| **CHARLES COOMES, JR.,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**HODGE, J.**                                                              **FEBRUARY 13, 2024**

Currently before the Court is a *pro se* Notice of Removal filed by Defendants Charles Coomes, Jr., and Elizabeth Haring seeking to remove this action from the Montgomery County Magisterial District Court.  (ECF No. 1.)  Also before the Court are Coomes's Motion for Leave to Proceed *In Forma Pauperis*, Haring's Motion for Leave to Proceed *In Forma Pauperis*, and a Motion to Remand filed by Plaintiff Spring Mountain Summit Condominium Association, Inc. ("Spring Mountain").  (ECF Nos. 5-7.)  Defendants have each filed an opposition to the Motion to Remand.  (ECF Nos. 16, 19.)  Because it appears that Coomes and Haring are unable to pay the filing fee associated with removal, the Court will grant them leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Spring Mountain's Motion to Remand and remand this case to the Montgomery County Magisterial District Court for lack of subject matter jurisdiction.

I.    **FACTUAL ALLEGATIONS**[1]

On or about September 19, 2023, Defendants Coomes and Haring filed a Notice of Removal with respect to an action originally filed in the Magisterial District Court of Montgomery County (hereinafter, "the Montgomery County Action").  (ECF No. 1.)  Although Defendants failed to attach a copy of the Complaint to their Notice of Removal, Spring Mountain has attached a copy to its Motion to Remand.  (ECF No. 5-1.)  The state court Complaint at issue was filed in the Montgomery County Action on October 7, 2022, and is docketed at MJ-38124-CV-0000304-2022 (M.D. Montgomery).[2]  *See Spring Mt. Summit Condominium Assoc. v. Charles Coomes, Jr., and Elizabeth Haring*, MJ-38124-CV-0000304-2022 (M.D. Montgomery).

According to the state court Complaint, Spring Mountain is a condominium association with its principal place of business in Collegeville, Pennsylvania.  (ECF No. 5-1.)  Defendants are co-owners of a unit in the condominium association located at 3234 Forest Lane, E-17, Schwenksville, Pennsylvania.  (*Id.*)  The Complaint avers that the Defendants, as members of the association, have "failed to pay association fees, assessments, late fees, fines, penalties, interest and other charges since March 1, 2022."  (*Id.*)  Spring Mountain seeks judgment against Defendants in the amount of $4,186.96, together with costs for a total of $4,412.16.  (*Id.*)  According to the state court docket, Defendant Coomes accepted service of the Complaint on April 19, 2023, and both Defendants have filed an intent to defend.  *See Spring Mt.*, MJ-38124-

---

[1] The factual allegations set forth in this Memorandum are taken from the Notice of Removal, Spring Mountain's Motion to Remand, the oppositions thereto filed by Coomes and Haring, and all of the exhibits and documents attached to these pleadings.  (ECF Nos. 1, 5, 16, 19.)

[2] The Court may consider matters of public record when conducting a statutory screening.  *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

CV-0000304-2022.  It appears from the docket that the case is active, with a hearing having last been scheduled for September 20, 2023.  (*Id.*)

In the Notice of Removal, Defendants base their request for removal of the Montgomery County Action on both federal question and diversity jurisdiction.  (ECF No. 1 at 2-3.) Defendants aver that this "matter arises under Federal law, it involves federal questions, and the interpretation of Federal law, including RICO."  (*Id.* at 3.)  Specifically, Defendants assert that they "have a private right of action pursuant to 18 USC 1964(c)."  (*Id.* at 4.)  Attached by Coomes and Haring to the Notice of Removal is Defendants' "Answer and Grounds of Defense." (*Id.* at 22-27.)  Although it appears that this pleading may be intended as an answer to Spring Mountain's Complaint in the Montgomery County Action, it does not appear as a filing in the underlying state court docket.  In the pleading, Coomes and Haring aver that Spring Mountain has "breach[ed] their contractual obligation," defrauded them, violated "the covenant of good faith and fair dealing [and] the implied warranty of habitability," and has also violated the "PA Consumer Protection Statute, and RICO."  (*Id.* at 23.)  Defendants seek "an amount in excess of $75,000 for damages, plus treble punitive damages pursuant to RICO and the PA Consumer Protection Act."  (*Id.* at 27.)

Defendants further aver in their Notice of Removal that Spring Mountain "has alleged through their agent that defendants owe fees and charges in excess of $22,000."  (*Id.* at 1.) Defendants also assert that they received notice from Spring Mountain's agent on September 15, 2023 of a "water leak alleged to have originated from [their] condo unit to the adjacent condo unit."  (*Id.*)  Defendants surmise that Spring Mountain "seeks in excess of $75,000 for this alleged damage."  (*Id.* at 1-2.)  Based on these allegations, Defendants argue that the amount in controversy exceeds $75,000 and that "[r]emoveability became apparent within 30 days from

receipt of the 'other paper'" pursuant to 28 U.S.C. § 1446(b)(3).  (*Id.* at 2.)  Defendants contend that the "other papers" consist of Spring Mountain's "statement that defendants' allegedly owe $22,000 in charges and fees, September 15, 2023 notice of alleged damage from a 'massive' two-week water leak, and from defendants' answer and counterclaim which exceeds $75,000." (*Id.*)  Defendants further assert that there is complete diversity of the parties because Spring Mountain "is a corporation doing business in Pennsylvania[,] . . . Coomes is a natural person who is a citizen of Indiana[,]" and Haring is a citizen of Virginia.  (*Id.* at 2-3.)

Spring Mountain argues that remand is required because this case is "a garden-variety collections matter brought by a homeowners' association against a unit owner" commenced and pending in a Pennsylvania Magisterial District Court.  (ECF No. 5 at 3.)  More specifically, Spring Mountain avers that Defendants have failed to comply with 28 U.S.C. § 1446, because they accepted service and filed their intent to defend on April 19, 2023, but waited until September 19, 2023 to remove this case, thereby exceeding the thirty-day window for removal. (*Id.* at 5-6.)  Spring Mountain further avers that no exception to the time bar applies because jurisdiction is measured at the time of removal and none of the "other papers" identified by the Defendants appear on the record in the Montgomery County Action, nor were they identified in the state court Complaint.  (*Id.* at 6-7.)

Spring Mountain further asserts that the Defendants have not presented a basis for the Court's subject matter jurisdiction under federal question or diversity jurisdiction.  With respect to diversity jurisdiction, Spring Mountain avers it is a Pennsylvania corporation, and the Defendants "admit [that] Defendant Coomes resides in and is therefore, a citizen of Pennsylvania," making removal improper.  (*Id.* at 7.)  Spring Mountain contends that its collections claim arises only from actions governed by state law, and any intended defenses or

counterclaims, even if premised on federal law, cannot "transform the action into one arising under federal law." (*Id.* at 8-9.)

In response to the Motion to Remand, Defendants contend that removal was timely pursuant to 28 U.S.C. § 1446(b)(3) because "the September 15, 2023 email notice was within 30 days of removal, it alerted [D]efendants to this case having become removeable, and it alone is enough to establish an 'other paper' basis for removal." (ECF No. 16 at 7; ECF No. 19 at 1-7.) Defendant Haring contends that the September 15, 2023 notice demonstrates that Spring Mountain "could very well amend their state law claim to assert" that Defendants are responsible for the water damage. (ECF No. 19 at 3.)

Defendants allege that federal jurisdiction exists because their counterclaim against Spring Mountain includes a civil RICO claim. (ECF No. 16 at 2-3; ECF No. 19 at 12-13.) Defendants also assert that diversity jurisdiction exists. Specifically, Defendants allege that the amount in controversy has been met because it includes "both claims and demands by the Plaintiff in their complaint and 'other papers' and claims/counterclaims by the Defendants." (ECF No. 19 at 8.) Further, Defendant Coomes avers that although he resided in Pennsylvania for work, he is now able to work remotely, and does not intend to remain in Pennsylvania. (ECF No. 16 at 6; ECF No. 19 at 11.) Coomes asserts that he is a citizen of Indiana, has lived most of his life in Indiana and intends to return there soon. (ECF No. 16 at 6.)

## II.    STANDARD OF REVIEW

The Court will grant Coomes and Haring leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. The removal of cases to federal court is governed by 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1441(a), a defendant "may remove to the appropriate federal district court 'any civil action brought in a

State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).   A notice of removal, "shall be filed within 30 days" after defendant receives a copy of the initial pleading or summons and shall include all the state court orders and pleadings.  *See* 28 U.S.C. §§ 1446(a)-1446(b)(1).  Jurisdiction may be based on federal question or diversity grounds.  *Ditech Financial LLC v. Smith*, No. 16-243, 2017 WL 4685186, at *1 (W.D. Pa. Oct. 17, 2017) (quoting *In Re Plavix Liab. & Mktg. Litig.*, No. 13-3610, 2014 WL 495654, at *2 (D.N.J. 2014) (further citations omitted)).

Pursuant to Section 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).  "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."  *Id.*  Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

## III.    DISCUSSION

The Complaint in the Montgomery County Action was filed on October 7, 2022.  (ECF No. 5-1).  On April 19, 2023, Defendants filed their intent to defend in state court.  *See Spring Mt.*, MJ-38124-CV-0000304-2022.  Defendants filed the Notice of Removal on September 19, 2023, more than eleven months after the action was commenced in state court, and approximately five months after filing their intent to defend.  It appears, therefore, that the Notice of Removal was filed well beyond the thirty-day time limit set forth in 28 U.S.C. § 1446(b)(1).

Defendants assert, however, that removal is timely pursuant to 28 U.S.C. § 1446(b)(3). According to this provision, a notice of removal may be filed within thirty days of the defendant's "receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019). The United States Court of Appeals for the Third Circuit has made clear that "an amended pleading, motion, order or other paper" as specified in § 1446(b)(3) bears on the thirty-day time limit "only [if it] address[es] developments within a case," as opposed to a document which is "separate and apart from the case." *Id.* at 384 (quoting *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014) (citation and alteration omitted); *accord* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3731 (4th ed. rev. 2018) (documents not generated within the state litigation generally are not recognized as "other papers" that can start a 30-day removal period under § 1446(b)).

In support of their assertion that removal is timely, Defendants attach to their Notice of Removal a copy of a September 15, 2023 email transmission that was sent to them by Kara Alfonse, who is identified as the Community Manager of Excalibur Enterprises, Ltd. (ECF No. 1 at 10-11.) The email provides, in pertinent part, as follows:

> Dear Elizabeth & Charles,
>
> It has been brought to our attention that there is a massive leak between your unit, 3234, and 3233. 3233 reports that he started having issues approximately 2 weeks ago. ServePro and Avanti Plumbing will be out on Monday to service 3233. We believe the leak is originating in your unit. This issue is also being reported to the borough.
>
> Please contact the owner of 3233, . . . immediately as ServePro and Avanti Plumbing will need access to your unit.

> If you fail to provide access for the emergency repairs, the Association will enter the unit per the Association's Code of Regulations, and have the repairs made.

(*Id.*)   Defendants claim that this email qualifies as an "other paper" that provided them with notice on September 15, 2023 that Spring Mountain was planning to render them "liable for a purported two week massive water leak." (ECF No. 19 at 2.)  Defendants also assert that Spring Mountain "seeks in excess of $75,000 for this alleged damage." (ECF No. 1 at 1-2.)

The Complaint in the Montgomery County Action alleges that Defendants have "failed to pay association fees, assessments, late fees, fines, penalties, interest and other charges since March 1, 2022." (ECF No. 5-1.)  It further indicates that Spring Mountain seeks judgment against Defendants in the amount of $4,186.96, together with costs for a total of $4,412.16. (*Id.*) The September 15, 2023 email, which seeks entry into the Defendants' unit so that emergency repairs can be performed, does not appear to have been generated within the Montgomery County Action, nor does the email relate to the collection of unpaid association fees.  In fact, the email does not reference any litigation, nor does it indicate, as Defendants suggest, that they will be held liable for any water damage or repairs to the property.  Because the email does not appear to pertain to any developments within the Montgomery County Action, the Court concludes that it cannot constitute an "other paper" so as to render removal timely.

Even assuming that Defendants sought timely removal of this case, they have, nonetheless, failed to establish this Court's jurisdiction.  "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).  In contrast, a defendant's intention to raise federal defenses to

the claims against him or her, or to file a counterclaim or third-party complaint, does not establish a basis for removal.  *See Bracken v. Matgouranis*, 296 F.3d 160, 163-64 (3d Cir. 2002); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (neither a defense nor a counterclaim asserted by the defendant can confer federal question jurisdiction); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction.").

The face of the Complaint in the Montgomery County Action fails to present a federal question.  The jurisdictional basis for Defendants' Notice of Removal is their assertion that Spring Mountain "and their agents" have violated RICO and based on these alleged civil RICO violations, they intend to assert a counterclaim against Spring Mountain justifying the exercise of jurisdiction under § 1441 and § 1331.  (ECF No. 1 at 3-4, 22-23, 27; ECF No. 16 at 2-3; ECF No. 19 at 12-13.)  However, as noted above, a defendant's intention to raise federal defenses or counterclaims to state law claims does not provide a basis for removal.  *UGI Energy Servs., LLC v. Manning*, No. 23-3169, 2023 WL 7089928, at *2 (E.D. Pa. Oct. 26, 2023) ("It is not enough, as Defendants contend, that the issues raised in the Complaint are 'closely intertwined with the federal issues' they plan to raise as counterclaims.") (citing *Bracken*, 296 F.3d at 163-64; *Holmes Grp., Inc.*, 535 U.S. at 831-32.); *see also Norley v. Norley*, No. 06-3016, 2006 WL 1997386, at *1 (E.D. Pa. July 17, 2006) (allegations in the Notice of Removal that a divorce action is the product of a RICO enterprise does not establish a basis for removal).  The Complaint in this case alleges solely state law claims, and therefore there is no jurisdictional basis for removal to this Court.

Alternatively, Defendants also allege that the Court has jurisdiction over this case

pursuant to diversity jurisdiction as set forth in 28 U.S.C. § 1332. Section 1332(a) provides for federal jurisdiction when parties are citizens of different states and the amount in controversy exceeds $75,000. In removal actions, the defendant bears the burden of demonstrating that the amount in controversy is satisfied. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (the removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court"). To determine whether the amount of controversy has been met in a removal action, the Court must review the allegations in the original complaint. *See Mosley v. Wells Fargo*, No. 23-4669, 2023 WL 8600198, at *3 (E.D. Pa. Dec. 12, 2023); *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 164 (3d Cir. 2017) (*per curiam*) ("The amount in controversy for diversity purposes is determined *as of the filing of the complaint*. Thus, the District Court either had or did not have diversity jurisdiction at that time." (emphasis added) (internal citations omitted)); *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) (explaining that amount in controversy "is determined from the good faith allegations appearing on the face of the complaint"). Also, in removal actions, "[a] district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021); *see also Lieb v. Allstate Prop. & Cas. Ins. Co.*, 640 F. App'x 194, 196 (3d Cir. 2016) ("When assessing whether allegations in a state-court complaint are sufficient to support removal to federal court, we look to the complaint that was in effect when removal occurred.").

Defendants have not adequately alleged that the Montgomery County Action can be removed on the basis of diversity jurisdiction because they have failed to establish that the amount in controversy has been met.  The Complaint at issue seeks judgment against Defendants in the amount of $4,186.96, together with costs for a total of $4,412.16.   (ECF No. 5-1.) Defendants argue, however, that the amount in controversy exceeds $75,000 because they intend to assert a counterclaim against Spring Mountain that seeks "an amount in excess of $75,000 for damages, plus treble punitive damages pursuant to RICO and the PA Consumer Protection Act." (ECF No. 1 at 27.)   Defendants cannot rely upon their intended counterclaim to satisfy the amount in controversy because courts have consistently held that the amount in controversy in removal cases is to be determined solely from the face of the plaintiff's complaint without reference to a defendant's counterclaims.  *See Augustine v. Chubb Group of Ins. Co.*, 2005 WL 1869186 at *3 (E.D. Pa. July 27, 2005) (holding compulsory counterclaim could not be used in determining the amount in controversy in a removal case); *Woodbury Cement Prods., Inc. v. Datum Restoration*, 1998 WL 372479 (E.D. Pa. June 4, 1998) (same); *Indep. Mach. Co. v. Int'l Tray Pads and Packaging, Inc.*, 991 F. Supp. 687, 692 (D.N.J. 1998) (same); *HRP Corp. v. Miller,* No. 92-0993, 1992 WL 220698 (M.D. Pa. Sept. 4, 1992) (defendant's counterclaim cannot be considered to satisfy the jurisdictional amount in controversy).   Based on the foregoing, and because the removal statutes are to be narrowly construed, the Defendants' intended counterclaim cannot be considered in determining the amount in controversy in this case.

Defendants also aver in the Notice of Removal that the amount in controversy has been met because Spring Mountain "has alleged through their agent that defendants owe fees and charges in excess of $22,000" and they received notice from Spring Mountain's agent on

September 15, 2023 of a water leak originating from their unit.  (ECF No. 1 at 1.)  Defendants surmise that Spring Mountain will seek "in excess of $75,000 for this alleged damage."  (*Id.* at 1-2.)  As noted above, the September 15, 2023 email sought entry into the Defendants' unit so that emergency repairs could be performed.  The email does not indicate that Spring Mountain intends to amend its Complaint in the Montgomery County Action, nor does it reference any litigation, or suggest that Spring Mountain will seek to hold Defendants liable for any water damage or repairs to the property.  As such, these allegations fail to establish that the amount of controversy has been met.  Because subject matter jurisdiction is lacking, the Court will remand this case to the Montgomery County Magisterial District Court.[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Coomes and Haring's motions for leave to proceed *in forma pauperis*.  The Court will also grant Spring Mountain's Motion to Remand, and this case will be summarily remanded to the Montgomery County Magisterial District Court for further proceedings.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
**KELLEY BRISBON HODGE, J.**

---

[3]  Having determined that remand is required because Defendants failed to satisfy their burden of proving that the amount in controversy has been met, the Court need not address Defendants' additional argument that all of the parties are citizens of different states.